**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 01-30665**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**ALAN MAISS,**

**Defendant-Appellant.**

Appeal from the United States District Court
For the Eastern District of Louisiana

(94-CR-391-ALL)

July 22, 2002

Before DAVIS, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Alan Maiss appeals the district court's denial of his petition for a writ of coram nobis. Maiss argues the bill of information and factual basis pursuant to which he was charged and convicted were insufficient, and that he is entitled to coram nobis relief based on the flawed nature of these documents. Specifically, Maiss

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends his conviction must be vacated because the district court was without jurisdiction to enter a judgment of conviction and the information failed to charge an offense punishable by law.  Maiss further argues the district court erred in denying his petition based on the doctrine of laches.

First, we recognize that the information on which Maiss was convicted was defective in that it did not sufficiently allege an overt act of concealment on the part of Maiss.  However, Maiss' argument concerning the district court's lack of jurisdiction fails.  Recently, in **United States v. Cotton**, the Supreme Court held that an indictment's failure to allege an essential element of an offense did not constitute a jurisdictional defect.  122 S. Ct. 1781, 1785 (2002).

Second, Maiss has not shown that his delay in bringing his petition was excusable, nor has he overcome the Government's assertions of prejudice caused by this delay.  *See* **United States v. Dyer**, 136 F.3d 417, 427-29 (5th Cir. 1998).  Maiss' contention that the district court erred in denying his petition based on the doctrine of laches also fails.  Accordingly, the district court's judgment is AFFIRMED.

**AFFIRMED**.

2